IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-13-109-GF-BMM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| PEDRO MARTINE ROBLEDO, | |
| Defendant. | |

## I. Synopsis

Mr. Robledo was accused of violating his conditions of supervised release by 1) failing to appear for scheduled urinalysis testing and 2) failing to follow the instructions of his probation officer. He admitted to the violations. Mr. Robledo's supervised release should be revoked. He should be sentenced to sixteen months of custody, with no supervised release to follow.

## II. Status

On June 19, 2014, Mr. Robledo pled guilty to one count of Assault Resulting in Serious Bodily Injury and one count of Involuntary Manslaughter after he crashed a vehicle while driving while intoxicated, killing one passenger and severely injuring another victim. (Doc. 41). Mr. Robledo was sentenced to forty months of custody on each count, to run concurrently, followed by thirty-six

months of supervised release.  (Doc. 42).  Mr. Robledo's term of supervised release began on July 10, 2017.

On August 1, 2017, the United States Probation Office filed a Report on Offender Under Supervision, which reported that Mr. Robledo admitted that he smoked methamphetamine on July 14, 2017 and July 22, 2017, consumed a half-liter of vodka on July 22, 2017, and quit his job on July 17, 2017.  (Doc. 46).  Mr. Robledo was allowed to continue his supervised release.

On November 2, 2017, the United States Probation Office filed an amended petition, alleging that Mr. Robledo had violated the conditions of his supervised release by using a controlled substance, consuming alcohol, and possessing drug paraphernalia.  (Doc. 50).  He was sentenced to three months custody with thirty-three months of supervised release to follow.  He began his current term of release on January 30, 2018.

**Petition**

On February 28, 2018, the United States Probation Office filed a petition seeking to revoke Mr. Robledo's supervised release, alleging that Mr. Robledo had violated the conditions of his supervised release.  (Doc. 64).  The petition alleged that Mr. Robledo failed to appear for a scheduled urinalysis testing on February 26, 2018, at the Great Falls Pre-Release Center.  The petition further alleged that after being told to contact his probation officer, Mr. Robledo sent a text message to his

probation officer on February 23, 2018, indicating that he had gotten high and would no longer be participating in his supervised release.  Mr Robledo also stated that he would abscond and that "your[sic] going to have to find me." (*Id.*)  Based on the petition, Judge Morris issued a warrant for Mr. Robledo's arrest.  (Doc. 65).

### Initial appearance

Mr. Robledo appeared before the undersigned on March 8, 2018, Great Falls, Montana, accompanied by June Lord, Esq.  Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Robledo said he had read the petition and understood the allegations.  Mr. Robledo waived the preliminary hearing.  Mr. Robledo requested the hearing be postponed until the following week.

### Revocation hearing

On March 12, 2018, Mr. Robledo appeared with Federal Defender Tony Gallagher before the undersigned for a revocation hearing.  Mr. Weldon appeared on behalf of the United States.

Mr. Robledo admitted that he violated the conditions of his supervised release.  The violations are serious and warrant revocation of Mr. Robledo's supervised release.

Mr. Robledo's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony.  He could be incarcerated for up to

twenty-four months. He could be ordered to remain on supervised release for thirty-three months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Gallagher noted that Mr. Robledo had an addiction and that he would like to try a transition center again, recommending a sentence of four months with the first six months of his supervised release to be spent at the Great Falls Pre-Release Center. Mr. Robledo addressed the Court and apologized to both his probation officer and to the Court for his actions. He stated that he would benefit from the halfway house and requested it. Mr. Weldon recommended a sentence of twenty-one months with no supervised release to follow, stating that Mr. Robledo was very intentional in his actions and that he doesn't seem to want to be sober.

### III.  Analysis

Mr. Robledo's supervised release should be revoked because he admitted violating its conditions. Mr. Robledo should be sentenced to sixteen months of custody, with no term of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but would not be greater than necessary.

### IV.  Conclusion

Mr. Robledo was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and

Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Robledo's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Robledo's supervised release and what, if any, sanction to impose. .

The Court **FINDS:**

> Pedro Martine Robledo violated the conditions of his supervised release by 1) failing to appear for scheduled urinalysis testing and 2) failing to follow the instructions of his probation officer.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Robledo's supervised release and committing Mr. Robledo to the custody of the United States Bureau of Prisons for sixteen months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 28th day of March, 2018.

_____
John Johnston
United States Magistrate Judge